```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

AERO-DOCKS, LLC,

      Plaintiff,

v.                              Case No: 2:19-cv-348-JES-KCD

ASAR, INC. and GCM CONTRACTING SOLUTIONS, INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion for Order of Entitlement to Partial Attorneys' Fees and Costs (Doc. #79)[1] filed on November 4, 2022. Plaintiff filed an Opposition to Defendants' Motion (Doc. #81) on November 18, 2022, and defendants filed a Reply (Doc. #87) on December 6, 2022. For the reasons set forth below, the motion is denied.

**I.**

On May 28, 2019, plaintiff Aero-Docks, LLC (plaintiff or Aero-Docks) filed a Complaint (Doc. #1) alleging defendants had infringed on certain claims of U.S. Patent 8,596,946 (the '946 Patent) issued on December 2, 2013. The '946 Patent was entitled Watercraft Dry Dock Storage System and Method, and plaintiff was

---

[1] The district court retains jurisdiction to consider an award of attorney fees after the action is voluntarily dismissed. Absolute Activist Value Master Fund Ltd. v. Devine, 998 F.3d 1258, 1265 (11th Cir. 2021).

the exclusive licensee of the '946 Patent. Plaintiff alleged that defendants manufactured and sold a system of automatically storing watercraft in racks to Gulf Star Marina which infringed on certain specified claims of the "946 Patent.

Defendants filed their Answers and Affirmative Defenses on July 2, 2019. On March 31, 2020, the United States Patent and Trademark Office (USPTO) granted a request for reexamination for every claim of the '946 Patent. The parties filed a Joint Motion to Stay (Doc. #61) pending reexamination of the '946 Patent by the USPTO, and on May 1, 2020, the Court stayed the case. (Doc. #62.)

Two years later, on May 2, 2022, the Court requested a status report from the parties. (Doc. #63.) On May 31, 2022, the parties filed a Joint Status Report (Doc. #68) indicating that the Patent remained in reexamination proceedings.

On June 23, 2022, the USPTO sent a Notice of Intent to Issue *Ex Parte* Reexamination Certificate reflecting that "[c]laims 1-19 are patentable *as amended*." This prompted a teleconference between opposing counsel and a letter dated July 7, 2022, from counsel for defendants to plaintiff's counsel addressing in part the effect of the intervening rights doctrine:

> This confirms that the claims of the '946 patent are no longer enforceable against the Gulf Star Marina given that all of the independent claims were amended significantly as will be reflected by the reexamination certificate. You also informed us that Aero-Docks has contemplated either seeking leave to

> amend its complaint in the pending action, or dismissing the action and re-filing another complaint.

(Doc. #79-12, p. 1.)  Counsel for defendants further stated that the

> complaint should be dismissed immediately. In addition, you noted that Aero-Docks may (i) assert newly-issued claims of another patent for which the USPTO has sent Aero-Docks a notice of intent to issue a certificate of reexamination, or (ii) add third-parties to the case. However, you did not identify any additional patents or expand precisely on the third-parties you propose to add and the basis. Without further detail, we are unable to take a position and thus do not agree.

(Id., p. 2.)  The Reexamination Certificate was issued by the USPTO on July 19, 2022.  On August 16, 2022, plaintiff's counsel responded to defendants' counsel that they disagreed with the "scope and applicability of the intervening rights doctrine," but that the client had authorized dismissal without prejudice.  (Doc. #79-15, p. 2.)  Defendants continued to take the position that the intervening rights doctrine required dismissal with prejudice.

On August 18, 2022, an additional Joint Status Report (Doc. #73) was filed with the Court stating that on July 19, 2022, the Reexamination Certificate was issued, the effect of which was that none of the original claims could remain pending.  The parties "tentatively agreed to dismiss the case" but they could not agree on "the manner" of the dismissal or the timing of the dismissal. Based on this Joint Status Report, on August 19, 2022, the Court

dismissed the case without prejudice and administratively closed the case for a period of 30 days to allow the parties to submit additional or final documents. (Doc. #74.) The Court advised that at the end of the thirty days the dismissal would be deemed with prejudice and judgment would enter. (Id.) Nothing was filed, and on September 21, 2022, the Court entered Judgment dismissing the case with prejudice. (Doc. #76.)

**II.**

Defendants seek an award of attorney fees and expenses incurred from June 23, 2022 (the date of the USPTO's Notice of Intent) onwards. (Doc. #79, p. 6.)[2] Defendants argue that they are entitled to partial attorney fees and expenses because they prevailed in the case and the case became "exceptional" when plaintiff unreasonably litigated the action by failing to dismiss the action until long after it knew or should have known its case was extinguished by the intervening rights created by the USPTO's Reexamination Certificate. Plaintiff opposes the motion and calls upon the Court to exercise its inherent power and award attorney fees against defendants to plaintiff. (Doc. #81, p. 2.)

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. [] Under this 'American Rule,' we follow

---

[2] Page references refer to the page number at the upper right-hand corner given when the motion was docketed.

'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.'" [] Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 602 (2001) (internal citations omitted).  In this case, defendants seek attorney's fees pursuant to the Patent Act's fee-shifting provision in 35 U.S.C. § 285, which states in its entirety that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Thus, in order to trigger the Court's discretion defendants must demonstrate that they are (1) prevailing parties, and (2) this is an exceptional case.

### A. Prevailing Party Status

Defendants argue that they are prevailing parties because the Court entered a final judgment dismissing the case with prejudice. Plaintiff responds that defendants are not prevailing parties because the dismissal with prejudice does not act as a bar to amended or new infringement claims based on the reexamined patent.

The Eleventh Circuit has found that the Supreme Court imposes two requirements for a party to reach prevailing party status: (1) the party must be awarded some relief on the merits of its claim by the court; (2) the party must be able to point to a resolution of the dispute which materially alters the legal relationship between the parties. Royal Palm Properties, LLC v. Pink Palm Properties, LLC, 38 F.4th 1372, 1376 (11th Cir. 2022).  To

determine whether defendant was the prevailing party, the Court asks whether its judgment rebuffed plaintiff's efforts to effect a material alteration in the legal relationship between the parties. Beach Blitz Co. v. City of Miami Beach, Florida, 13 F.4th 1289, 1298 (11th Cir. 2021).

Here, defendants obtained a final judgment dismissing the case with prejudice. This is relief on the merits of the case. Vinson v. Koch Foods of Alabama, LLC, 12 F.4th 1270, 1278 (11th Cir. 2021) ("dismissals with prejudice, even voluntarily, are adjudications on the merits.") The Judgment also materially altered the legal relationship between the parties as to those claims asserted in the SAC, the only matter pending before the Court. Plaintiff's argument that the Judgment does not bar amended or new infringement claims based on the reexamined patent may or may not be correct, but is not relevant to the issue. The Judgment clearly effects or rebuffs plaintiff's attempt to effect a material alteration in its legal relationship with the two defendants as to the claims set forth in the SAC. No more is required. The Court finds that defendants are prevailing parties in this case.

### B. Exceptional Case

Even a prevailing party is eligible for an award of reasonable attorney fees only in "exceptional cases." 35 U.S.C. § 285. The

U.S. Supreme Court has defined "exceptional" in the context of this statute as follows:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.[] As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L.Ed.2d 455 (1994).

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014) (footnote omitted). An award of attorney fees under this statute is committed to the discretion of the trial court. Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 564 (2014). "[A] district court may weigh such factors as frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC, 963 F.3d 1371, 1376 (Fed. Cir. 2020) (internal quotations and citations omitted). "Direct or circumstantial evidence that is clear and convincing is needed to establish an 'exceptional case.'"

<u>Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.</u>, 267 F.3d 1370, 1378-79 (Fed. Cir. 2001). "Exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent." <u>Id.</u> at 1380.

Defendants argue that this case became "exceptional" when plaintiff failed to promptly dismiss the case with prejudice after the June 23, 2022, Notice of Intent in which "the USPTO confirmed that every original claim would be issued with substantial amendments." (Doc. #79, p. 6.) The case was not dismissed with prejudice until September 16, 2022, when the Court entered its Judgment. Defendants argue:

> As a matter of law—specifically, due to the intervening rights established by Section 252 of the Patent Act—the amendments to the '946 Patent extinguished Plaintiff's cause of action against Defendants. But Plaintiff did not agree to dismiss the case after substantially amending the asserted claims. Instead, it delayed the termination of the action and caused Defendants to incur unnecessary attorneys' fees and costs to secure dismissal.

(Doc. #79, p. 5.)

Since delay is the sole basis for the claim to exceptionality, it is important to focus on the correct timeline. There was no definitive action by the USPTO until July 19, 2022, when it filed the Reexamination Certificate amending the claims relied upon in plaintiff's Complaint. On August 19, 2022, the Court gave the parties thirty days to file additional material. The Court

declines to hold this time period against plaintiff. So essentially plaintiff's counsel took about thirty more days to review the matter and ultimately decide not to contest the dismissal with prejudice.

The Court finds this to be a reasonable amount of time which did not convert the case into an exceptional one. The matter had been before the USPTO for two years on reexamination, and the effect of the Reexamination Certificate is not as cut and dry as defendants assert.

> In general, a claim that has been amended during reexamination cannot be enforced prior to the date on which the reexamination certificate issued. See, e.g., Bloom Eng'g Co. v. North American Mfg. Co., 129 F.3d 1247 (Fed. Cir. 1997); see also 35 U.S.C. §§ 307, 252. If, however, the amended claim is legally "identical" to a claim in the original patent, the amended claim can be enforced back to the time the original patent was issued. See id. Where reexamined claims are not legally identical to any original claim, the patentee cannot seek damages for acts of alleged infringement that occurred before the date the reexamination certificate was issued. See id.

Abbey v. Bill Ussery Motors, Inc., 74 F. Supp. 2d 1217, 1220 (S.D. Fla.), aff'd sub nom. Abbey v. Robert Bosch GMBH, 217 F.3d 853 (Fed. Cir. 1999). Counsel properly considered (although ultimately rejected) whether an amended complaint would be appropriate. Additionally, a patent owner may have appeal rights to consider. Alarm.com Inc. v. Hirshfeld, 26 F.4th 1348, 1351 (Fed. Cir. 2022). It is hardly unusual for plaintiff's counsel to need time to review

the matter to evaluate and assess the impact of the Reexamination Certificate and the legal position asserted by opposing counsel. In the end, plaintiff's counsel elected to do nothing and allow the dismissal to become – as the Court had notified the parties- a dismissal with prejudice. The Court finds nothing exceptional about this case.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion for Order of Entitlement to Partial Attorneys' Fees and Costs (Doc. #79) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of December 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 10 -